IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES GARNER, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78540

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
     DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant argues the district court erred in denying his claims of ineffective assistance of counsel without an evidentiary hearing. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response from the State is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-03343

P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). An evidentiary hearing is required when a petitioner presents claims supported by specific facts, which if true, would entitle the petitioner to relief. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

Appellant argues that his trial attorneys did not have a meaningful relationship with him as they only visited him 17 times during 6 years. Appellant has not demonstrated deficient performance or prejudice. Appellant fails to identify any evidence or insights about the case that would have been gained had counsel had more meetings with appellant. Appellant likewise fails to demonstrate a reasonable probability of a different outcome had trial counsel met with him more. Thus, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Appellant next argues that trial counsel did not present witnesses on his behalf at sentencing. Appellant has not demonstrated deficient performance or prejudice. Appellant's trial counsel presented two witnesses on his behalf at sentencing. Appellant made a statement on his own behalf at sentencing. Appellant has not identified any other witnesses that should have been called or a reasonable probability of a different outcome at sentencing had trial counsel presented other witnesses. Thus, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Appellant next argues that his guilty plea was coerced by trial counsel. Appellant has not demonstrated deficient performance or prejudice. Candid advice about potential outcomes at trial and sentencing is not deficient performance. Appellant affirmatively acknowledged that his guilty plea was knowingly and voluntarily entered and he has not alleged facts demonstrating otherwise. To the extent that this argument is related to a claim raised in his presentence motion to withdraw a guilty plea that he was not aware his children would testify at the sentencing hearing, this claim was considered and rejected on direct appeal. *See Garner v. State*, Docket No. 65924 (Order of Affirmance, March 11, 2015). Appellant does not demonstrate that his trial counsels' performance was deficient or that there was a reasonable probability that he would not have entered a guilty plea and instead insisted on going to trial. Thus, the district court did not err in denying this claim without an evidentiary hearing.

Appellant next claims that he was prejudiced by the continued representation of the public defender's office, that he did not voluntarily and intelligently waive claims, and that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963). These claims were not raised in the proceedings below, and thus, we decline to consider them for the first time on appeal.

Finally, appellant argues that the district court should have appointed counsel to assist him in the postconviction proceedings. Appellant fails to demonstrate the district court abused its discretion in not appointing counsel. Although the sentence imposed was severe, appellant did not complete the affidavit in support of his request to proceed in forma pauperis and did not allege that he was unable to comprehend the proceedings, that the issues were difficult, or that discovery was required.

*See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. 75, 76-77, 391 P.3d 760, 761-62 (2017). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:    Hon. Michelle Leavitt, District Judge
        Charles Garner, III
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.